## (June 20, 1961)

■ SAUL ROMAN, an Infant, by CARLOS M. RIOS, His Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK, Respondent.

APPEAL from a judgment of the Supreme Court in favor of defendant, entered June 25, 1959, in Bronx County, upon verdict rendered at a Trial Term.

*Per Curiam.*  Plaintiffs, an infant and his father, appeal from a judgment entered upon a verdict in favor of defendant after trial of an action to recover damages for personal injuries suffered by the infant plaintiff.

Plaintiffs assert that the Trial Judge committed prejudicial error in the receipt of certain evidence concerning plaintiff father's relief status, in not permitting plaintiffs to explain inconsistent statements in their two notices of claim, and in the charge and subsequent instructions to the jury.  Even if the evidence concerning the father's relief status had been excluded and the inconsistent statements in the notices of claim satisfactorily explained, no prima facie case would have been established in the opinion of some of us; and all of us are of the opinion that a verdict returned in such circumstances, if attacked as against the weight of the credible evidence, would have had to be set aside if in favor of plaintiffs and, conversely, could not have been set aside if in favor of defendant.

The infant plaintiff suffered severe burns following an explosion which resulted when a lighted match was applied at the neck of an automobile gasoline tank, which was separate and detached from any automobile.  The testimony presented by plaintiffs upon the trial was to the effect that an unidentified boy had thrown a lighted match into the tank while the infant plaintiff was peering down the neck.  In the two notices of claim served upon defendant city prior to trial it was stated that the infant plaintiff had himself lighted the matches.

At the time of the accident the tank was resting within the 200-foot width of Randall Avenue, in Bronx County.  It is undisputed, however, that the accident occurred in what was then an uncompleted section of Randall Avenue; the roadway was rough, uneven, not yet paved and covered with rocks, shrubbery and weeds.

According to somewhat unsatisfactory and conflicting testimony by plaintiffs and their witnesses an abandoned car was seen at various places on Randall Avenue for periods ranging from two weeks to two months prior to the acci-

dent. The only testimony coupling the tank with this abandoned automobile was hearsay in character. The witness Serra testified he rode by the tank on his bicycle about 15 minutes prior to the explosion and that the "kids there were saying that they took off the tank." Aside from this scrap of testimony and an ambiguous photograph which it is claimed shows the abandoned car without a tank, there is not a shred of evidence to indicate that the tank which exploded had been removed from that car. Nor was any evidence introduced as to how long the tank had remained in the street in its detached state — evidence requisite to establish notice to defendant in the event the proof that the tank had been removed from the abandoned car was insufficient.

If the tank involved in this accident did in fact come from the abandoned car, it is indeed a miracle that it did not explode before it became detached. Plaintiffs testified that on two occasions the abandoned car had been burned so seriously as to require several fire engines to extinguish the flames — the second time it was " completely burned."

Plaintiffs were given ample opportunity to present and develop every significant facet of their case — as borne out by a reading of the unusually long record; and they took no exception to any portion of the trial court's charge or instructions.

The judgment entered June 25, 1959, should therefore be unanimously affirmed, on the facts and the law, with costs to defendant-respondent.

Botein, P. J., Rabin, Valente, McNally and Eager, JJ., concur.

Judgment unanimously affirmed, with costs to the respondent.